**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MARLON H VAN HOOK,**

      **Plaintiff,**

**v.**

                                **Case No. 25-cv-00519-SPM**

**NURSE JEAN,** *et al.*,

      **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Marlon Van Hook filed this civil action for violations of his constitutional rights that occurred at St. Clair County Jail on April 7, 2025. (Doc. 1). Upon initiating this case, Plaintiff was advised that if his address changed, he was to notify the Court within fourteen days of the change by filing a Notice of Change of Address. (Doc. 3). Plaintiff was warned that failure to do so could result in the dismissal of this case. On October 27, 2025, the Court received three documents previously sent to Plaintiff marked as undeliverable, including the Merit Review Order. (Doc. 21). According to the Federal Bureau of Prison (BOP) website, Plaintiff is no longer in BOP custody as of October 14, 2025. On November 20, 2025, the Court entered a Notice of Impending Dismissal, advising Plaintiff that failure to provide his current address by December 18, 2025, would result in dismissal of this case. (Doc. 28). The Notice was also returned as undeliverable. (Doc. 33).

Over five months have passed since Plaintiff's release, he has not filed anything with the Court regarding his new address, and the Court has no way to contact him. The Court will not allow this matter to linger indefinitely or investigate Plaintiff's whereabouts. Accordingly, this action is **DISMISSED without prejudice** for failure to comply with the Court's order to provide

Page 1 of 2

notice of any address change and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Plaintiff must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 8, 2026**

 _s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**